THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| REYNOLD BERTI II, | ) | Case No. 2:14CV00357-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | ) | AND ORDER |
| UBS BANK USA, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff Reynold Berti II began this matter when he filed a Petition to Compel Arbitration (Doc. #3) seeking to compel UBS Bank to arbitrate claims against it arising out of a Credit Line Agreement and a Guaranty Agreement ("Credit Line Agreement") with Defendant UBS Bank USA. In response, Defendant UBS Bank has filed a Motion to Dismiss (Doc. #20), which the Court grants for the reasons that follow.

Plaintiff allegedly is the settlor and beneficiary of The Reynold F. Berti II Trust (the "Trust"). The Trust maintained a brokerage account at UBS Financial Services which requires disputes to be submitted to arbitration.

Under the Credit Line Agreement UBS Bank made credit advances secured by assets in the Trust's brokerage account at UBS Financial Services. The Credit Line Agreement provides that all disputes between the Loan Parties and UBS Bank shall be filed and maintained exclusively in the United States District Court for the District of Utah

or in the Third Judicial District Court for the State of Utah.  The Loan Parties agreed to irrevocably submit to the jurisdiction of those courts. The Loan Parties agreed to irrevocably waive objections to proceeding in those courts.   And the Loan Parties also agreed to be governed by Utah law.

On August 25, 2011, Plaintiff filed suit against UBS Financial Services, one of its employees, and UBS Bank in the United States District Court for the Middle District of Florida (the "Florida Court").[1]  UBS Bank filed a motion to dismiss Plaintiff's claims asserted against it in the Florida matter.  Of relevance here is that the Florida Court granted  UBS Bank's motion to dismiss for improper venue based on the forum selection clause of the Credit Line Agreement, which expressly designates the Utah  courts as the exclusive forum for disputes with UBS Bank.[2]  The Florida Court also  noted that UBS Financial Services and UBS Bank are separate entities and had separate roles in the transactions in this case

---

[1] UBS Financial Services filed a motion to compel Plaintiff to bring his claims against it in a FINRA arbitration pursuant to the arbitration provision contained in the brokerage Client Relationship Agreement.

[2] As to Plaintiff's position that he never signed the Credit Line Agreement, the Florida Court specifically made the following determination.

> In the instant case, Berti II is the Settlor of the Trust that was used as collateral to secure the loan.  Berti I as Trustee of the Reynold F. Berti II Trust bound the Trust including the Settlor Berti II, to the terms of the Forum Selection Clause in the Credit Line Account Application and Agreement for Individuals and the Credit Line Guaranty Agreement.  Berti II as Settlor of the Trust was closely related to the party, Berti I who acting as Trustee when guarantying the loan, used the Trust as collateral to secure the loan.  Therefore, the Court determines that the Forum Selection Clause is enforceable against Berti II."

Petition to Compel, Ex. J at 9.

and rejected Plaintiff's assertion that his claims against UBS financial Services and UBS Bank were so intertwined that rulings by separate courts, including arbitration, would result in inconsistent rulings.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

## III. DISCUSSION

After having carefully reviewed this case, the Court finds no reason to unduly belabor the matter with a lengthy opinion. The Court agrees with UBS Bank that there is no basis to compel it to arbitrate claims against it arising out of the Credit Line Agreement. First, it is clear that the Credit Line Agreement requires disputes arising out of that agreement with UBS Bank to be resolved exclusively in Utah Courts.[3] Second, arbitration

---

[3] Plaintiff's reliance on New York case law in support of his equitable estoppel position is rejected. This matter is governed by Utah law based on the choice of law provision contained in the Credit Line Agreement.

is a matter of contract and UBS Bank has not agreed to arbitrate disputes with Plaintiff. And third, Plaintiff's Petition to Compel Arbitration is barred by the doctrine of issue preclusion. The United States District Court for the Middle District of Florida rejected Plaintiff's position, that the Utah forum selection clause contained in the Credit Line Agreement should be invalidated, holding that the forum selection clause is enforceable against Plaintiff.

## IV. CONCLUSION

For the reasons stated, as well as for those more fully set forth by Defendant in its pleadings, Defendant's Motion to Dismiss (Doc. #20) is granted, and Plaintiff's Petition to Compel Arbitration (Doc. #3) is dismissed.

IT IS SO ORDERED.

DATED this 7th day of August, 2014.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT